HARDY, Judge.
This is a compensation suit in which plaintiff, an employee of the defendant, Brown Paper Mill Company, claims compensation for total permanent disability resulting from an accident sustained in the course of his employment.
On February 7, 1944, plaintiff was engaged in rolling a wheelbarrow, heavily loaded with soapstones, weighing in the aggregate about 600 pounds, more or less. As he tilted the barrow for the purpose of dumping its load, the vehicle careened, wrenched loose from his control, and the handles of the barrow kicked back into plaintiff’s body, inflicting severe injuries in the abdominal region.
It is not disputed that the accident related caused a traumatic left inguinal hernia, for the repair of which Dr. J. E. McConnell, the defendant’s surgeon, per *9 formed a herniotomy on the plaintiff on February 9, 1944.
After remaining' in the sanitarium for about two weeks plaintiff was removed to his home, where he stayed for approximately five weeks. At this time, plaintiff complained of pain from an umbilical hernia and requested Dr. McConnell to perform a second operation for the correction of this hernia. It is admitted that plaintiff’s umbilical hernia had existed for a period of several years prior to the accident, but it is claimed by plaintiff that the accident aggravated this hernia, causing such pain that he was forced to seek operative relief.
As the basis for his claim for total permanent disability, plaintiff now alleges in this action that he continues to suffer from both an inguinal and an umbilical hernia.
Defendant resists plaintiff’s demands on the ground that plaintiff is not disabled; that the inguinal hernia was the only injury sustained from the accident; that the same was effectively repaired by operative treatment; and that the continuing umbilical hernia resulted from plaintiff’s own misconduct in direct disobedience of doctor’s orders. In support of this last point, defendant contends that plaintiff deliberately disobeyed the orders of his surgeon to remain quiet after the operation; that a short time after the operation plaintiff raised himself upright in bed, sat on the edge thereof, and otherwise so exerted himself as to produce a recurrence of the umbilical hernia.
After trial there was judgment for plaintiff awarding compensation at the rate of $20 per week during the period of disability, from which judgment defendant appeals.
The testimony as to the facts bearing upon plaintiff’s conduct and its possible effect upon the operative treatment of the umbilical hernia is in sharp conflict. We do not find it necessary to discuss this particular phase of the suit, inasmuch as other points are decisively and conclusively determinative of the issues before us.
Examination of the record convinces us that there can be no question of the fact that plaintiff at the time of the trial was totally and permanently disabled by reason of the existence of an inguinal hernia. Both the lay and the medical testimony establishes this fact beyond any doubt. Neither is there question as to the fact that this injury was suffered by plaintiff as the result of the accident which occurred in the course and scope of his employment. Plaintiff contends that the hernia either was ineffectively repaired by the operation, or has recurred through no fault of his own.
Doctor McConnell, the surgeon who per* formed the operation, and who testified on behalf of the defendant, asserts that the inguinal hernia was properly repaired and did not recur for several months after the operation. The medical experts testifying on behalf of the plaintiff refrained from expressing any opinion with reference to the efficacy of the operation itself, but testified without reservation that their examinations, some of which were made immediately prior to the trial, disclosed plaintiff to be suffering from a disabling left inguinal hernia.
In this case plaintiff has fulfilled every burden of proof, in that he has established beyond question the occurrence of an accident, the suffering of a disabling injury, and the continuance of such injury up to the time of trial. Defendant attempts to defeat plaintiff’s recovery on the ground that the operative treatment was successful; that it effected a complete repair of the injury, and, consequently, that any recurrence must be due to some fault of the plaintiff himself, or to some intervening circumstance which occurred subsequent to the repair operation. This is purely a conclusion, and a conclusion that is unsupported by any established facts disclosed by the record. It is not sufficient for the defendant in this case to set up a presumption, but rather it must establish and prove by preponderating evidence some fact or facts which would sustain its defense that the recurrence of the hernia was due to> some fault of the plaintiff, or to some condition or circumstance apart from the accidental injury during the course of employment. Defendant has failed to present any facts in support of a conclusion which therefore rests only upon the insecure foundation of argumentative speculation.
For the reasons assigned, the judgment appealed from is affirmed, at appellant’s cost.